**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Tahjay Romell Williams,

Petitioner,

v.

Luis Rosa, Jr.,

Respondent.

No. CV-26-05024-PHX-DWL

**ORDER**

In April 2026, Petitioner filed a habeas petition under 28 U.S.C. § 2241 challenging the legality of his immigration detention. *See Williams v. Unknown Party*, No. 2:26-cv-02759-DWL-DMF, Doc. 1. In a May 8, 2026 order, the Court granted relief in part, concluding that Petitioner was entitled to a bond hearing. *Id.*, Doc. 7. More specifically, the Court explained:

> The relevant facts are as follows. Petitioner is a citizen of Jamaica and entered the United States without inspection on February 10, 2023. After being encountered by Border Patrol agents, he was released from immigration custody on an Order of Recognizance. Petitioner alleges that he was redetained by immigration officials on August 30, 2025. Petitioner was ordered removed to Jamaica for a second time on March 26, 2026 and Petitioner's appeal to the BIA remains pending. . . . Respondents acknowledge Petitioner's detention arises under § 1226(a) but contend Petitioner has not specifically requested a bond hearing. Nevertheless, "Respondents do not oppose an order for a bond hearing with an IJ." The Court will therefore direct Respondents to provide Petitioner a bond redetermination hearing within seven days.

*Id.*, Doc. 7 at 1-2 (citations omitted).

On May 12, 2026, the bond hearing took place. (Doc. 6-1.) The immigration judge ("IJ") denied bond on the ground that Petitioner is a flight risk. (*Id.*) On May 27, 2026, Petitioner filed a notice of appeal to the Board of Immigration Appeals ("BIA"). (Doc. 6-2.)[1]

On July 17, 2026, Petitioner initiated this action by filing a new § 2241 petition. (Doc. 1.) Petitioner asserts 22 grounds for relief. (*Id.*) Petitioner's latest petition is now fully briefed. (Docs. 6, 7.)

After his latest petition became fully briefed, Petitioner filed a motion for a temporary restraining order ("TRO"). (Doc. 8.) The Court denied that request, explaining that it was unnecessary given the "expedited briefing and decisional process already being followed." (Doc. 9.) Since then, Petitioner has filed two more motions for an expedited ruling. (Docs. 10, 11.) Those motions are denied for the same reasons as the TRO request. Although Petitioner's desire for immediate relief is understandable, this case is one of a large number of § 2241 petitions pending in the District of Arizona. The Court is making every effort to resolve all of those petitions in an expedited manner and will resolve the merits of Petitioner's latest petition in due course, considering the complexity of the 22 claims he has chosen to assert.

…

…

…

…

…

…

---

[1] Based on the assertions in one of Petitioner's recent filings, it is unclear whether that appeal remains pending. (Doc. 11 at 3 ["Petitioner appeal this decision to the [BIA] On 5/29/26, Which was dismissed as moot on 09/22/2026; Thereon then (BIA) not only dismiss his bond appeal but also his appeal from asylum so petitioner appeal this decision before the 9th circuit courthouse on 10/02/26 where now petitioner waits for this matter to be granted before the court . . . .").

Accordingly,

**IT IS ORDERED** that Petitioner's requests for expedited relief (Docs. 10, 11) are **denied**. The Court will resolve the merits of the § 2241 petition in due course.

Dated this 13th day of November, 2026.

Dominic W. Lanza
United States District Judge